IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| CLARENCE SAMPSON, #208957, | ) | Civil Action No. 3:08-1717-GRA-JRM |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| JON OZMINT, SCDC DIRECTOR; | ) | |
| TIM RILEY, WARDEN TYGER RIVER; | ) | |
| NFN RABB, TYGER RIVER | ) | |
| CLASSIFICATION; | ) | |
| NFN FOWLER, TYGER RIVER | ) | |
| GRIEVANCE COOR., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| _____ | ) | |

This matter comes before the Court for review of the magistrate's Report and Recommendation filed on April 8, 2009 made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02(B)(2)(d) (D.S.C.). Plaintiff filed this action on April 24, 2008. On October 7, 2008, Defendants filed a motion for summary judgment. The plaintiff responded on October 15, 2008. On April 8, 2009, the magistrate issued a Report and Recommendation recommending that the Defendants' motion for summary judgment be granted and that Plaintiff's motion requesting separation be denied. On May 20, 2009, the plaintiff responded to the Report and Recommendation. The Defendants filed a reply on May 28, 2009.

Plaintiff brings this claim *pro se.* This Court is required to construe *pro se* pleadings liberally. Such pleadings are held to a less stringent standard than those

drafted by attorneys. *See Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). This Court is charged with liberally construing a pleading filed by a *pro se* litigant to allow for the development of a potentially meritorious claim. *See Boag v. MacDougall*, 454 U.S. 364, 365 (1982).

The magistrate makes only a recommendation to this Court. The recommendation has no presumptive weight, and responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and this Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). This Court may also "receive further evidence or recommit the matter to the magistrate with instructions." *Id.*

In order for objections to be considered by a United States District Judge, the objections must specifically identify the portions of the Report and Recommendation to which the party objects and the basis for the objections. FED. R. CIV. P. 72(b); *see United States v. Schronce*, 727 F.2d 91, 94 n.4 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841, 845-47 nn.1-3 (4th Cir. 1985). "Courts have . . . held *de novo* review to be unnecessary in . . . situations when a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendation." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). Furthermore, in the absence of specific objections to the Report and Recommendation,

this Court is not required to give any explanation for adopting the recommendation. *Camby v. Davis*, 718 F.2d 198 (4th Cir. 1983).  The plaintiff filed objections on May 20, 2009 after being granted an extension.

As a threshold matter, the plaintiff's request for separation is moot as the plaintiff is no longer incarcerated at Tyger River.  The plaintiff correctly acknowledges as much when he notes "Plaintiff will not argue the issue of separation (transfer) because he is no longer housed at Tyger River."  Pl. Obj. to R. &R. 5 (May 15, 2009). Accordingly, this claim is dismissed as moot.

Second, the plaintiff argues that South Carolina's sentencing statute, South Carolina Code Ann. § 24-13-150, is unconstitutionally vague.  A § 1983 action is not the appropriate vehicle to challenge the length or place of confinement.  As explained by the magistrate, if the plaintiff seeks to challenge the duration of his confinement, he needs to file a habeas action.  When filing this action the plaintiff needs to pay particular attention to the exhaustion requirements found in the South Carolina Administrative Procedures Act, S.C.Code Ann. § 1-23-310 through § 1-23-400.

After reviewing the record, and the Report and Recommendation this Court finds that the magistrate applied sound legal principles to the facts of this case.  Therefore, this Court adopts the magistrate's Report and Recommendation with respect to the Defendants's motion for summary judgement.  The Court dismisses the plaintiffs request for separation as moot.

Therefore, the defendant's motion for summary judgement is GRANTED and

the Plaintiff's motion for separation is DISMISSED as moot.

IT IS SO ORDERED.

G. ROSS ANDERSON, JR.
UNITED STATES DISTRICT JUDGE

Anderson, South Carolina

June 25, 2009

## NOTICE OF RIGHT TO APPEAL

Petitioner is hereby notified that he has the right to appeal this Order within thirty (30) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure. Failure to meet this deadline, as modified within Rule 4, will waive the right to appeal.